IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CROOKED CREEK PROPERTIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09-CV-1104-WKW [WO] |
| | ) | |
| GEORGE HUTCHINSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

Before the court are three motions to dismiss: one filed by Defendant Donald Hutchinson (Doc. # 20), as amended (Doc. # 35); one filed by Defendant David A. McDowell ("McDowell") (Doc. # 24); and one filed by Defendants Donald Hutchison and George Hutchison, in which they adopt the arguments made by Mr. McDowell (Doc. # 26), as amended (Doc. # 30). Plaintiff Crooked Creek Properties, Inc. ("Crooked Creek"), opposes the motions (Doc. # 29), and Mr. McDowell filed a reply (Doc. # 31). Because this action is barred by *res judicata*, the motions are due to be granted and this action dismissed with prejudice.[1]

This lawsuit is but one more chapter arising from protracted and serial litigation in the circuit courts of Montgomery and Autauga counties concerning disputed ownership of Danya

---

[1] The motions have been evaluated in light of Rule 12(b)(6)'s standard. *See* Fed. R. Civ. P. 12(b)(6); *see generally Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (discussing the Rule 12(b)(6) standard). There is no need to convert the motions to ones for summary judgment, as suggested by Mr. McDowell (Doc. # 34, at 2), for substantially the same reasons discussed by this court in *Crooked Creek Props, Inc.. v. Ensley*, No. 2:08cv1002-WKW, 2009 WL 3644835 at *8 n.16 (M.D. Ala. Oct. 28, 2009) (order granting motions to dismiss).

Park Apartments in Autauga County. The court has extensive knowledge of the procedural and factual underpinnings of this long-running state court litigation because this action is the second one Crooked Creek has filed in this court. *See Crooked Creek Props., Inc. v. Ensley*, No. 2:08cv1002-WKW, 2009 WL 3644835 (M.D. Ala. Oct. 28, 2009) ("*Crooked Creek I*") (order granting motions to dismiss), *aff'd*, No. 09-15988, 2010 WL 2136027 (11th Cir. May 29, 2010).[2] Although the defendants named in this lawsuit are different from those in *Crooked Creek I*, both *Crooked Creek I* and this suit are the product of Crooked Creek's frustration with the results of the Autauga County Suit judgment. The defendants in *Crooked Creek I* will be referred to as the Ensley defendants.

The procedural history and factual background of the Montgomery County and Autauga County suits are set out in more detail in the October 28, 2009 order entered in *Crooked Creek I* and will not be repeated here except as necessary.[3] Briefly, Crooked Creek insists that, as a result of prior judgments its predecessor-in-interest (Willadean Walden) obtained in the Montgomery County Suit, it is the owner of all of the common stock in a

---

[2] Judicial notice is taken of the proceedings in *Crooked Creek I* and certain pleadings filed in the state court for the limited purpose of determining the applicability of *res judicata*. *See ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. 1981) ("A court may . . . take judicial notice of its own records."); *see also* Fed. R. Evid. 201. Certified copies of the relevant state court pleadings were submitted in *Crooked Creek I*.

[3] All references to the Autauga County Suit and the Montgomery County Suit are to the state court proceedings. Gatewood Walden, Esq., who is counsel of record in this action, represented Crooked Creek in *Crooked Creek I*. He also is the son of Willadean Walden, and represented her in the Autauga County Suit.

corporation that has as its sole asset Danya Park Apartments.[4]  Ms. Walden later learned, however, that a quitclaim deed and a separate mortgage on Danya Park Apartments had been recorded in the Autauga County Probate Court.  The mortgage had been recorded by the Ensley defendants, and the quitclaim deed by George Hutchison.  As to the quitclaim deed, George Hutchison claimed that in 1998, he was given a quitclaim deed to Danya Park Apartments from the prior owner, and that in 1999, he transferred the quitclaim deed to a trust that he created for the benefit of his son (the "George Hutchison Jr. Trust").  Hence, Ms.

---

[4] This is one of several rulings in the Montgomery County Suit.  Initially, the Montgomery County Circuit Court entered a judgment in 2000 vesting Ms. Walden with ownership of all of the common stock in the corporation that owned Danya Park Apartments.  In 2002, however, the Montgomery County Circuit Court vacated that judgment and instead awarded Ms. Walden a lien on the common stock.  That judgment was affirmed by the Alabama Court of Civil Appeals in 2003, and the Supreme Court of Alabama denied Ms. Walden's certiorari petition in April 2004.  Thereafter, also in 2004, the parties to the Montgomery County Suit consented to the entry of judgment, vacating the 2002 judgment and reinstating the 2000 judgment that Ms. Walden owned the common stock in the corporation which owned Danya Park Apartments.  According to Crooked Creek, after the entry of the 2004 judgment, Ms. Walden "was the [undisputed] lawful equitable owner of Danya Park Apartments." (Pl. Resp. 5 (Doc. # 29).)

It is notable also that on May 17, 2010, which was after this lawsuit was filed, the Montgomery County Circuit Court entered an order, declaring the validity of its prior judgments entered in 2000 and 2004 and reasserting that Ms. Walden is the "equitable owner of Danya Park Apartments." *Walden v. Smith*, No. CV-95-1093 (Montgomery County, Ala., Circuit Court, May 17, 2010) (Ex. to Doc. # 33).  The May 17, 2010 order has spawned yet more litigation in the Autauga County Circuit Court, with that court entering an order granting a preliminary injunction in favor of the George Hutchison Jr. Trust and two of the Ensley defendants.  The order enjoins Ms. Walden and Crooked Creek from "faxing, mailing delivering by hand or serving a copy of the Order of the Circuit Court of Montgomery County dated May 17, 2010 upon the Sheriff of Autauga County or in any way attempting to interfere with the ownership or management of Danya Park . . . Apartments." *E.S. Capital, LLC. v. Walden*, No. CV-10-900098 (Autauga County, Ala. Circuit Court, June 11, 2010 (Ex. to Doc. # 34)).  It also enjoins them "from entering upon or having anyone enter upon the property of Danya Park Apartments to assert any ownership of the Apartments or attempt to exercise any control over the Apartments," except that the order "is not intended to disallow the defendants any rights of redemption from the . . . foreclosure to which they might be entitled under Alabama law." *Id.*

Walden commenced proceedings in the Autauga County Circuit Court to remove these clouds on her title.

In 2006, the Autauga County Circuit Court disagreed with Ms. Walden's claim to ownership of Danya Park Apartments, finding that the 2002 judgment in the Montgomery County Suit giving Ms. Walden only a lien was the "'law of the case.'" *Crooked Creek I*, 2009 WL 3644835, at *4 (quoting Autauga County Suit, Summ. J. Op. 5, dated Dec. 2006). The Autauga County Circuit Court judgment awarded the Ensley defendants a first mortgage on Danya Park Apartments superior to Ms. Walden's lien, and rendered enforceable and valid a management agreement governing the Ensley defendants' operation of Danya Park Apartments and the collection of rent. The Autauga County Circuit Court also found that the quitclaim deed was in fact an equitable mortgage and amounted to a secondary lien ("equitable second mortgage") subject only to the Ensley defendants' first mortgage lien. The Supreme Court of Alabama agreed insofar as it held that the George Hutchison Jr. Trust had a valid secondary lien on Danya Park Apartments. It held, however, that George Hutchison was judicially estopped (for reasons not pertinent to the present analysis) from claiming any interest in the quitclaim mortgage on Danya Park Apartments. *Walden v. Hutchinson*, 987 So. 2d 1109, 1117-19 (Ala. 2007). Hence, as a result of the Autauga County Suit judgment, Crooked Creek's interest in Danya Park Apartments was subordinate to both the Ensley defendants' first mortgage lien and the George Hutchison Jr. Trust's equitable second mortgage.

4

The judgment rendered as a result of the Autuaga County Suit was the catalyst for *Crooked Creek I*, which was filed in this court by Crooked Creek, as the successor-in-interest to Ms. Walden's ownership interest in Danya Park Apartments.[5]  The Ensley defendants and their attorney were among the defendants.[6]  In *Crooked Creek I*, the Ensley defendants argued that, under the doctrine of *res judicata*, the Autauga County Suit judgment foreclosed Crooked Creek from reigniting the ownership dispute over Danya Park Apartments in federal court.  The facts and causes of action in *Crooked Creek I* all pertained to the validity of the Ensley defendants' first mortgage and the management agreement.  Applying Alabama *res judicata* principles, this court found that the Autauga County Suit judgment was a prior judgment on the merits, rendered by a court of competent jurisdiction, and that it involved the same subject matter and the same parties (or their privies) as were then before it.  The Eleventh Circuit affirmed the judgment.  *See Crooked Creek Props., Inc. v. Ensley*, No. 09-15988, 2010 WL 2136027 (11th Cir. May 29, 2010).

Undeterred, in this lawsuit, Crooked Creek sues (1) George Hutchison, (2) Donald Hutchison, individually and in his capacity as the trustee of the George Hutchison Jr. Trust, and (3) Mr. McDowell, George Hutchison's attorney.  The first twenty-eight pages of the Complaint recite the history of the Montgomery County Suit and the Autauga County Suit.  The claims in the present action allegedly arose in the "aftermath of the state court litigation"

---

[5] Crooked Creek alleges that "it acquired fee simple title to Danya Park Apartments . . . from [Ms.] Walden." (Compl. ¶ 8; *see also* Compl. ¶¶ 17, 86.)

[6] George Hutchison, Donald Hutchison and Mr. McDowell were not named in *Crooked Creek I*.

(Compl. 28), when George Hutchison, represented by Mr. McDowell, initiated foreclosure proceedings on the equitable second mortgage on Danya Park Apartments held by the George Hutchison Jr. Trust. George Hutchison allegedly did so without giving actual notice to Crooked Creek as the "fee simple" owner of Danya Park Apartments, and notwithstanding that the George Hutchison Jr. Trust had not "acquired any proprietary interest in Danya Park Apartments." (Compl. ¶¶ 8, 17, 86, 111.) Crooked Creek avers that the "underlying purported quitclaim deed" transferred from George Hutchison to the George Hutchison Jr. Trust is void for a number of reasons previously litigated in the Autauga County Suit and also because the Autauga County Suit judgment giving the George Hutchison Jr. Trust an equitable second mortgage on Danya Park Apartments is void. And, if the Autauga County Suit judgment that validates the George Hutchison Jr. Trust's equitable second mortgage "is itself invalid," then the "mortgage foreclosure sale is invalid and is due to be set aside." (Pl. Resp. 42-43 (Doc. # 29); *see also* Compl. ¶ 17.)

By these arguments, Crooked Creek clings to the Montgomery County Circuit Court judgments giving it, in effect, ownership of Danya Park Apartments. As Crooked Creek admits, "at the heart of this complaint is Crooked Creek's belief and contention that the judgments of the Montgomery [County] Circuit Court are valid, while the judgments of the Autauga [County] Circuit Court and the state appellate court are . . . *void*." (Compl. ¶ 14; *see also* Compl. ¶ 3 (As a result of the 2004 "unappealed, unreversed, consent judgment Mrs. Walden became . . . the equitable *owner* of Danya Park Apartments."); Pl. Resp. 41.)

Crooked Creek brings claims to set aside the foreclosure sale (Count One), for conspiracy to wrongfully foreclose on its property (Count Two), for intentional interference with Crooked Creek's business relations with Danya Park Apartments' tenants (Count Three), for cancellation of the quitclaim deed (Count Four), for damages flowing from the wrongful foreclosure (Count Five), and for conspiracy to obtain unjust enrichment (Count Six).

Defendants argue that the doctrine of *res judicata* again precludes Crooked Creek from litigating the matters decided adversely to its predecessor-in-interest (Ms. Walden) in the Autauga County Suit. Alabama's law on *res judicata* applies. *See Crooked Creek I*, 2009 WL 3644835, at *7-8. "The elements of *res judicata*, or claim preclusion, are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits." *Dairyland Ins. Co. v. Jackson*, 566 So. 2d 723, 725 (Ala. 1990). "If those four elements are present, then any claim that was, or that could have been, adjudicated in the prior action is barred from further litigation." *Chapman Nursing Home, Inc. v. McDonald*, 985 So. 2d 914, 919 (Ala. 2007).

The doctrine of *res judicata* clearly bars Crooked Creek's action for substantially the same reasons espoused in *Crooked Creek I*. That reasoning is incorporated here so as to avoid needless repetition. *See Crooked Creek I*, 2009 WL 3644835, at *7-21. The reasoning will be summarized.

First, the Autauga County Suit resulted in a valid, final judgment on the merits. The judgment gave the George Hutchison Jr. Trust an equitable second mortgage on Danya Park Apartments.

Second, Alabama's courts are courts of competent jurisdiction. Nonetheless, Crooked Creek spends much of its brief arguing that the Autauga County Suit judgment is void for lack of subject matter jurisdiction and is based upon a misunderstanding of procedural and substantive rules of law; hence, Crooked Creek contends that the jurisdiction of the Autauga County Circuit Court (and of the reviewing appellate courts) was not competent. In fact, the sole argument against the application of the doctrine of *res judicata* urged by Crooked Creek is that the doctrine is "inapplicable to void judgments." (Pl. Resp. 38-40.) This argument was, however, considered and rejected in *Crooked Creek I*, and on appeal. *See Crooked Creek*, 2010 WL 2136027, at *2 (explaining that the action to quiet title in the Autauga County Suit gave the circuit court jurisdiction to establish title and that, "even if it were true that the Autauga Court erred" in its analysis, under Alabama law, "'the simple fact that a court has erroneously applied the law does not render its judgment void.'" (quoting *Neal v. Neal*, 856 So. 2d 766, 781 (Ala. 2002)); *see also Crooked Creek I*, 2009 WL 3644835, at *10 (distinguishing between a "void judgment" and an "erroneous judgment" and discussing the Autauga County Circuit Court's jurisdiction). For the same reasons, the argument is again rejected here.

Third, Alabama's law on privity, for purposes of *res judicata*, is elaborated upon in *Crooked Creek I*. *See* 2009 WL 3644835, at *13-18. Based upon application of those principles here, Crooked Creek and Defendants in this action were parties or privies in the Autauga County Suit. Crooked Creek has not argued to the contrary.

Fourth, in this action and in the Autauga County Suit, the primary right asserted by Crooked Creek and Ms. Walden is the alleged right to unencumbered ownership of Danya Park Apartments, while the primary wrong centers on Defendants' interference with that ownership. The interference in this case, as in the Autauga County Suit, includes the quitclaim deed (*i.e.*, the equitable second mortgage) on Danya Park Apartments, and the principal contention is that the quitclaim deed is void. (*Compare* Autauga County Suit, Compl. ¶ 24 ("Hutchison's quitclaim deed is absolutely void."), *with* Compl. ¶ 6 (enumerating six reasons why the quitclaim deed is void).) Parallel relief also is sought. In this case, "Crooked Creek . . . seeks to cancel defendants' unlawful and illegal 'equitable mortgage' or to have it declared inoperative and void." (Compl. ¶ 6.) Similarly, the Autauga County Suit complaint sought a judgment declaring that Ms. Walden "ha[d] the entire undivided fee simple interest in and to [Danya Park Apartments] with no restrictions thereon." (Autauga County Suit Compl. 20.) While Crooked Creek crafts some of its legal theories differently in this lawsuit (focusing on an alleged wrongful foreclosure), it merely is attempting to do indirectly what it cannot do directly – attack the validity and enforceability of the quitclaim deed held by the George Hutchison Jr. Trust. Both lawsuits

9

concern the same subject matter (*i.e.*, ownership control of Danya Park Apartments), and revolve around the same nucleus of operative facts. For these reasons, the causes of action are the same for *res judicata* purposes.

Accordingly, all of the *res judicata* elements under Alabama law are satisfied, and Crooked Creek is precluded from relitigating the claims it has brought in this suit. Defendants' arguments for dismissal on the merits, therefore, need not be addressed, although they are persuasive.

For the foregoing reasons, it is ORDERED that Defendants' motions to dismiss (Docs. # 20, 24, 26, 30, 35) are GRANTED, and that this action is DISMISSED with prejudice, as barred by the doctrine of *res judicata*.

All remaining motions are DENIED as moot.

An appropriate judgment will be entered.

DONE this 10th day of September, 2010.

       /s/ W. Keith Watkins      
    UNITED STATES DISTRICT JUDGE