IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CROOKED CREEK PROPERTIES, INC., ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CASE NO. 2:09-CV-1104-WKW |
| GEORGE HUTCHINSON, *et al.*, ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

The Court of Appeals for the Eleventh Circuit affirmed this court's dismissal of Plaintiff's Complaint. Finding Plaintiff's appeal frivolous, the Eleventh Circuit awarded attorneys' fees and costs to Defendants pursuant to Federal Rule of Appellate Procedure 38 and remanded for a determination of those fees and costs. Upon remand and as ordered, Defendants filed briefs, together with supporting documentation. (*See* Order (Doc. # 46); *see also* Docs. # 47, 48.) Although given an opportunity, Plaintiff has not objected or otherwise responded to Defendants' submissions. Based upon careful consideration of the evidence, the court awards Defendants George Hutchinson and Donald Hutchinson $2,500.00 in attorneys' fees and $35.95 in costs, and Defendant David A. McDowell $11,202.50 in attorneys' fees and $664.77 in costs, all in connection with the appeal, No. 10-14477.

I. DISCUSSION

A.  **Attorneys' Fees**

The court calculates attorneys' fees based upon the lodestar method. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, ----, 130 S. Ct. 1662, 1672 (2010). The "lodestar" figure equals the reasonable hourly rate multiplied by the hours reasonably expended, and a strong presumption of reasonableness attaches to the lodestar calculation. *Id.* at 1673. Based upon the affidavits and time records, the court finds that the defense attorneys' requested hourly rates are reasonable.[1] The court also finds that the hours these attorneys billed are reasonable and are not "excessive, redundant, or otherwise unnecessary." *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (internal quotation marks omitted). Defendants do not seek an enhancement of the lodestar figures. And on this record, the court finds that the lodestar figures represent reasonable attorneys' fees:

---

[1] Following the practice of this district, the court applies these rates for purposes of this fee petition only. *See Speer v. Meeks*, No. 10cv671, 2011 WL 3703966, at *2 (M.D. Ala. Aug. 24, 2011); *Matthews v. City of Dothan*, No. 04-640, 2008 WL 450433, at *2 (M.D. Ala. Feb. 15, 2008); *Anderson v. Unum Life Ins. Co. of Am.*, No. 01-894, 2007 WL 604728, at *9 (M.D. Ala. Feb. 22, 2007).

| Attorney | Hourly Rate | Hours Expended | Fees (Lodestar Figures) |
|---|---|---|---|
| David A. McDowell | $200.00 | 12.5 | $2,500.00 |
| Jeffrey L. Luther | $175.00 | 19.1 | $3,342.50 |
| Jonathan R. Maples | $150.00 | 42.3 | $6,345.00 |
| D. Trice Stabler | $150.00 | 10.1 | $1,515.00 |

In sum, the Hutchinson Defendants will receive $2,500.00 in attorneys' fees for Mr. McDowell's representation in connection with the appeal, and Defendant McDowell will receive $11,202.50 in attorneys' fees for Mr. Luther's, Mr. Maples's, and Ms. Stabler's representation in connection with the appeal.[2]

**B.   Costs**

Defendants' requested appeal costs fall into three categories: (1) costs for printing and binding appellate briefs; (2) an original admission fee for Mr. Maples to practice in the Eleventh Circuit; and (3) the malpractice insurance deductible Mr. McDowell paid for a defense of the claims brought against him in this lawsuit. The costs requested are as follows:

---

[2] Mr. McDowell is both a defendant and counsel of record. Mr. McDowell represents the Hutchinson Defendants. Mr. Luther and Mr. Maples are counsel of record for Mr. McDowell.

|  | Document Reproduction & Binding | Eleventh Circuit Admission Fee for Mr. Maples | Malpractice Insurance Deductible |
|---|---|---|---|
| Jeffrey L. Luther for Mr. McDowell | $494.77 |  |  |
| David A. McDowell for the Hutchinsons | $35.95 |  |  |
| Jonathan R. Maples for Mr. McDowell |  | $170.00 |  |
| David A. McDowell as a Defendant |  |  | $2,500.00 |

Three sources of authority for taxing appellate costs are relevant here: (1) 28 U.S.C. § 1920; (2) Fed. R. App. P. 39[3]; and (3) 11th Cir. R. 39-1. Based upon the statutory and rule authority, the court finds that the document reproduction and binding costs and the admission fee qualify as taxable costs, but that the malpractice insurance deductible does not.

First, the costs for document reproduction and binding are taxable under Rule 39. *See* Fed. R. App. P. 39(c) (permitting taxation of the "cost of producing necessary copies of a brief or appendix"). Additionally, absent objection from Plaintiff, the court finds that these costs are reasonable.

---

[3] *See* Advisory Committee Note to Fed. R. App. P. 39, 1967 Adoption, subdivision (a) (providing that the "[s]tatutory authority for taxation of costs is found in 28 U.S.C. § 1920").

Second, as to the $170.00 admission fee paid for Mr. Maples to practice in the Eleventh Circuit, the issue is whether this fee qualifies under § 1920(l) as a "fee[ ] of the clerk." § 1920(l). Pursuant to 28 U.S.C. § 1913, the Judicial Conference of the United States sets the fees for each court of appeals, and the Judicial Conference's Schedule of Fees includes a fee for "original admission of attorneys to practice." *See* Judicial Conference Schedule of Fees, Court of Appeals Miscellaneous Fee Schedule ¶ 13. Based upon §§ 1920(1) and 1913, the court finds that the $170.00 fee is taxable as a clerk's fee. *Cf. Butler v. Wright*, No. 06cv165, 2010 WL 599387, at *5 (M.D. Fla. Feb. 16, 2010) (finding pursuant to 28 U.S.C. § 1914(b) that an original attorney admission fee to practice in the district court was taxable based upon the Judicial Conference's Schedule of Fees).

Third, the $2,500.00 insurance deductible Mr. McDowell paid to his malpractice insurer to defend him in this lawsuit is not a taxable cost. Mr. McDowell cites no authority, and the court is aware of none, that would permit recovery of this payment as a cost. Neither § 1920 nor the relevant rules contain a provision for an insurance deductible. Consequently, Mr. McDowell cannot recover the $2,500.00 paid to his malpractice insurer. In sum, there being no objection by Plaintiff, the court will award $35.95 in costs to the Hutchinson Defendants and $664.77 in costs to Defendant McDowell.

## II. CONCLUSION

Pursuant to the Eleventh Circuit's mandate and Rule 38 of Federal Rules of Appellate Procedure, it is ORDERED as follows:

(1) Defendants George Hutchinson and Donald Hutchinson are awarded $2,500.00 in attorneys' fees and $35.95 in costs in connection with the appeal, No. 10-14477, against Plaintiff; and

(2) Defendant David A. McDowell is awarded $11,202.50 in attorneys' fees and $664.77 in costs in connection with the appeal, No. 10-14477, against Plaintiff.

A separate judgment on attorneys' fees and costs will be entered.

DONE this 2nd day of May, 2013.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE